THAMES ET AL. *v.* BOARD OF SUP'RS OF SIMPSON COUNTY.

[87 South. 126, No. 21744.]

1. SCHOOLS AND SCHOOL DISTRICTS.. *Supervisors cannot levy extra tax on property in former district forming a part of consolidated district.*

Chapter 254 of the Laws of 1918, providing "that where public schools heretofore established have been formed into a consolidated school district, and because of a failure to erect the consolidated school building . . . the . . . school is not taught, then the county superintendent of education is hereby authorized and empowered to have the school taught as heretofore and so continue until said . . . school is opened and in operation," does not authorize the board of supervisors to levy an extra tax on a part of the consolidated district for the benefit of one of the former school districts embraced in the consolidated district.

2. SCHOOLS AND SCHOOL DRISTRICTS. *Districts consolidated cease to exist and cannot have extra tax levied.*

Where the county school board creates a consolidated district by merging two or more districts into the consolidated districts, the former districts cease to exist and have no power to have the board of supervisors make an extra levy under the provisions of chapter 172, Laws of 1918.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Petition by W. B. Thames and others requesting the board of supervisors of Simpson county to levy a school tax. From a judgment sustaining the action of the board in declining to make the levy, the petitioners appeal. Affirmed.

*J. P. & A. M. Edwards,* for appellant.

There was no question raised before the board as to the existence of the Old Hickory Rural School, but the board

were of the opinion, that for the reason the county school board at its July, 1920, meeting had passed an order on its minutes consolidating the Old Hickory Rural School with the Pine Grove Rural School, that the board could not grant this petition; that this action of the county school board canceled all rights of the Old Hickory School as such and that after this action of the school board, this school constituted an inseparable part of the new school, that is, the old Hickory Consolidated School. This, we submit, under the facts of the case was an error. It is shown by the bill of exceptions containing the evidence before the board, that all that has ever been done towards the consolidation of these two schools, is the order of the county school board, providing for the consolidation of the territories of these schools.

Here the whole matter ceased. The testimony is, that nothing else has been done. The Old Hickory School and the Pine Grove School each is being taught, conducted and managed in every respect just as they were before the order consolidating their territories. Then under such circumstances, we submit that by virtue of section 1, chapter 195, of acts of the legislature, 1916, this school is unaffected by the action of the county school board.

It was intended by the above act, to preserve all the rights of the ordinary rural schools till such time as the consolidation should be effected by the building of the consolidated school house, equipping of same and the opening of the school therein. It could not be held otherwise. Certainly it was not the intention of the legislature to in any way abridge the rights and powers of the rural schools simply because they have made an effort to consolidate with their neighboring schools. It might be that these two schools would never venture further in the project to consolidate. Should the matter end at this action of the county school board would they, that is, this school and the Pine Grove School, be deprived of their right to call upon the board of supervisors to create a levy of three mills as they had the right to do before the action of the

county school board? Certainly not. The act above cited must have been for the specific purpose of meeting just such a condition. This school is no part of a consolidated school merely because the county school board passed the order of consolidation with the Pine Grove School and will not be such until the machinery is put further in operation, and it is possible that this may never be done.

We submit that the board had no discretion in the matter, but that section 3, chapter 172, of acts of the legislature of 1918, is mandatory. This act reads as follows: "On petition of a majority of the qualified electors of any public school district in a county, the board of supervisors shall levy a tax on the property of that district for the purpose of supplementing salaries of teachers, extending school term, buying furniture for the school, repairing school building, or for fuel and other incidental expenses for the purpose of the school in said district."

It was under the above act that the petition was drawn and presented to the board of supervisors. The board had no doubt as to the existence of the Old Hickory Public School, and for this reason did not call upon the petitioners to produce before them in evidence the records of the county school board showing that the Old Hickory Rural School had been created and its boundaries fixed, but went off on the idea that the Old Hickory Rural School had ceased to exist by virtue of the action of the county school board in passing an order consolidating the territory of the Old Hickory Public School with the Pine Grove Public School as shown by the order.

We submit that on presentation of this petition signed as it was by a majority of the qualified electors of the district asking for the levy, it was the duty of the board to fix the levy, and pass an order, if necessary, mentioning the district by reference to the minutes of the county school board as to the territory embraced in the district to be affected by the levy, or even the minutes of the school board could have been easily had in drafting the order of

the board.   There could have been no uncertainty as to the property to be affected by the levy.

We submit that the judgment of the lower court will be reversed and the board of supervisors required to grant the petition for the levy as prayed for.

*W. M. Lofton,* for appellee.

The case will be affirmed by this, the supreme court, for a number of reasons.   In the first place, the Old Hickory Public School, and the Pine Grove Public School no longer exist as separate entities, but now form one school by reason of the order of the county school board passed in August, 1920, and which is a valid order, as it correctly and accurately defined the boundaries of a new school, which is the Old Hickory Consolidated School District, and this petition requests the levy of a special tax on part of its territory, which is that part that formerly belonged to the Old Hickory Public School.   In this case, the board could not levy a tax on any part of the Old Hickory Consolidated School District without making the levy extended to all of it, so, the correct results were reached by the board and circuit court for that reason.   This theory does not conflict with chapter 254 of the Laws of 1918.   This chapter merely provides that the school shall be taught in the same manner as they were done prior to the act of consolidation, which means that the people are not to be without schools, but that the schools shall be taught or rather that teachers shall be selected and directed to teach in the old building until a new one is constructed.   Mr. Williamson sought advise in this matter from Mr. Bond, as was his duty under the law.   See section 4496, Mississippi Code of 1906.   This section reads:   "The state superintendent shall advise county superintendents upon all matters involving the welfare of the schools."   So, when Mr. Williamson got advice from Mr. Bond, the record shows that he did everything that he could to put into motion the machinery of the consolidated school, so, the

board could not levy a tax on part of the territory of the Old Hickory Consolidated School District without making the levy extend to it all.

Then again, if there had been no act of consolidation by the county school board, the board would still be without authority to make the special levy as requested by appellants for the reason that the record shows that the Old Hickory Public School was not established and located as required by law, section 4512 of the Mississippi Code of 1906, requires that the boundaries shall be defined when a public school is located and established by the county board. The record shows that this was not done. In addition to this the levy could not be made for another reason. Before a levy of this kind could be made, the petition for that purpose must have the approval of the county school board, and this petition was not so approved. See chapter 170, Laws of 1920.

This case must be affirmed for another reason. The record shows that at the regular meeting of the board of supervisors in November, 1920, that a similar petition was rejected by the board, and that order is still in full force and effect, and is not affected by this appeal. This case must be affirmed for another reason. Chapter 253, Laws of 1920, provides that all taxes for the fiscal year shall be levied by the board at its regular meeting in November of each year, and further provides that if the levy is not made then, that it can be made at any other regular adjourned, or special meeting, but this does not contemplate extending the time into a new year. So, we contend that when the year 1920 went down into history, that that ended the authority of the board to make any sort of levy for taxes for that year for any purpose, under any circumstances. And to say now, after the first day of February, 1921, has passed, that the board could make this levy, or that this court could render a decision putting into effect this levy, seems absurd. All persons who have not paid their taxes by the first day of February, are delinquent, and it seems that we would have a right to assume

or rather presume, that all taxes have been paid. Then how is this court going to put into effect a levy of this kind at this time. The tax-collector would have to make out new receipts, which would result in untold confusion, and such a procedure is absolutely impracticable.

So we will not prolong this brief with a further discussion of the matter, as we think the record will show that the lower court reached the right result, and we submit with confidence that the same will be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The county board of education passed an order in the month of August, 1920, consolidating Old Hickory School and Pine Grove School in said county, in which order the schoolhouse was located on lands described in the order, but, the school building not being ready for use when the school should open, the superintendent contracted with a teacher for each of the schools which had been consolidated for the term about to begin, acting under the provisions of chapter 254, Laws of 1918. Thereafter certain citizens filed a petition with the board of supervisors reciting:

"We, the undersigned qualified electors of Old Hickory. public school district in said county, do hereby most respectfully petition your honorable board that you levy a tax of three mills on the property of the said district for the purpose of supplementing salaries, extending the school term, buying furniture for the school, repairing school building and for fuel and incidental expenses of the school in said district as provided by section 3, chapter 172, Laws of 1918."

The board of supervisors declined to make the levy requested for the reason that in its opinion said Old Hickory School had ceased to exist as a common school district, and an appeal was taken to the circuit court from said order, and the bill of exceptions embraced the petition, the order of the board refusing, and the contracts

made between the superintendent of education and the principal of the two schools which had been consolidated into the new consolidated district, and the testimony of the superintendent and the teachers with reference to the said contract and the testimony showing that the Old Hickory School had been taught for a given length of time. The bill of exceptions did not contain the order of the county school board creating Old Hickory Public School, nor did it contain any order rescinding the act of the county school board in establishing the consolidated school district above referred to. The circuit judge tried the case on agreement in vacation and sustained the action of the board of supervisors, it is said, upon the ground that the bill of exceptions did not show that the original school known as Old Hickory Public School had ever been established. From this judgment this appeal is prosecuted.

Section 3, chapter 172, Laws of 1918, reads as follows:

"On petition of a majority of the qualified electors of any public school district in a county, the board of supervisors shall levy a tax on the property of that district for the purpose of supplementing salaries of teachers, extending school term, buying furniture for the school, repairing school building, or for fuel and other incidental expenses of the school in said district."

Chapter 254, Laws of 1918, reads as follows:

"That where public schools heretofore established have been formed into a consolidated school district, and because of a failure to erect the consolidated school building, or for other reasons, the consolidated school is not taught, then the county superintendent of education is hereby authorized and empowered to have the school taught as heretofore and so continue until said consolidated school is opened and in operation.

"That in like manner the superintendent of education and proper authorities of the county are hereby authorized and empowered to pay teachers who have heretofore or are teaching in such public schools."

It is contended by the appellant that it is mandatory upon the board of supervisors to make the levy provided in section 3 of chapter 172, on the filing of a petition signed by the majority of the qualified electors of the school district under the facts stated in this case; while the appellee contends that chapter 254 does not authorize the board of supervisors to make an additional levy where a consolidated school has been created which is not applicable to all property situated in the consolidated district. The appellants contend that where the consolidated school district has been created and the buildings have not been erected that the original district stands unaffected by the order creating the consolidated district, and has all the powers which a common school district has, or, in other words, that the order consolidating the two school districts did not take effect so as to merge the two districts until the building was ready for occupancy. We think the board of supervisors were correct and that the order of the county school board creating a consolidated school district became effective on the date of the order and merged, and by such merger destroyed the old districts as school districts, but that under chapter 254, the superintendent of education is authorized and empowered to have the school taught at the old sites until the consolidated school is in operation. The purpose of the statute was not to postpone the effect of the order of consolidation, but was to permit schools to be taught under the conditions named and to pay the teachers for so teaching. This act is in the nature of an enabling act conferring additional power to meet a situation which frequently arises so as to obviate any possible hardship growing out of creating consolidated districts, and that it does not authorize the original schools embraced in the consolidated district to act under chapter 172, but if such additional taxation is to be allowed it must conform to the law authorizing the consolidated districts to make similar levies, which require the approval of the county school board as a condition of the board's acting. Before any school dis-

trict can make a levy as such of additional taxes, it must present to the board of supervisors in some form proof of the creation of the school district and the territory which constitutes such school district so that the board may make its order showing upon what property the levy is to be applied.

The judgment of the court below is affirmed.

*Affirmed.*