Blue *et al. v.* Board of Sup'rs of Calhoun County.*

(Division A.  March 21, 1927.)

[111 So. 737.  No. 26348.]

1. Schools and School Districts. *Territory of school district cannot be added to another district until consolidated district of which it is part is dissolved according to law* (*Laws* 1924, *chapter* 283, *sections* 108, 109, 113).

    Where school district had been consolidated by order of county school board, territory included therein cannot be added to territory of another school district, without first securing dissolution of consolidated district in accordance with Laws 1924, chapter 283, sections 108, 109, 113, and order of school board creating consolidated district could not be set aside by subsequent order of board of supervisors and circuit court authorizing election on question of adding territory to another district.

2. Schools and School Districts. *Order of school board, creating consolidated district, becomes effective on date of order and merger.*

    Order of the school board, creating a consolidated school district, becomes effective on date of order and merger, and such merger destroys old district as school district.

*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 847, n. 78; p. 848, n. 84.

Appeal from circuit court of Calhoun county.

Hon. T. E. Pegram, Judge.

Petition by the patrons of the Cherry Hill school district requesting that the district be attached and added to the Vardaman consolidated school district, to which W.

W. Blue and others protested. Order of the board of supervisors of Calhoun county, directing an election submitting such question to qualified electors, was approved by the circuit court on appeal thereto, and W. W. Blue and others appeal. Reversed and remanded.

*W. J. Evans* and *Stone & Stone,* for appellants.

An absolute bar to the claim of validity of this order is the intervention of the school board of Calhoun county in creating and establishing this territory as a part of a consolidated district before the board of supervisors acted.

There is no way to break up and dissolve a consolidated school district except by the method pointed out in chapter 283, Laws of 1924, sections 108, 109 and 113, these giving the methods whereby a consolidated school district can be dissolved and that method being exclusive. *Thames v. Board of Supervisors of Simpson County,* 124 Miss. 583, 87 So. 126.

Now, therefore, giving to the order of the school board credit that is due, we contend that it shows very plainly that on May 21 before the order of the board of supervisors of June 7, this territory of the old Cherry Hill school became and was duly and constitutionally merged and consolidated with a portion of Center Point district and established and created a consolidated school district under the law of the state, and rendered invalid the subsequent action of the board in purporting to hold an election to decide whether or not this district should be added to Vardaman consolidated school. 35 Cyc., page 1036, subsection 2.

*A. T. Patterson,* for appellee.

The order of the school board undertaking to run counter to the will of the patrons of the school, or any order of the board of supervisors on their petition, could

have no effect under the provisions of chapter 283, Laws of 1924, unless this school had been in operation for one year and had levied a tax to support such district. Section 108, chapter 283. Section 110 of this chapter 283. Section 110 of this chapter seems to be general; that is, the adjacent territory to any consolidated school may be added, as prescribed, unless it be territory out or off of another consolidated school that has been in operation for one year and having a tax levy.

We submit that the petition complained of, sufficiently alleges all jurisdictional facts and substantially complies with section 110, chapter 283, Laws of 1924. See *DeLoach et al.* v. *Newton et al.*, 134 Ga. 739, 68 S. E. 708, 20 Am. and Eng. Cases, 342.

Argued orally by *W. I. Stone,* for appellants.

McGOWEN, J., delivered the opinion of the court.

The patrons of the Cherry Hill school district filed a petition with the board of supervisors of Calhoun county, under section 110, chapter 283, of the Laws of 1924, setting out that the Cherry Hill school district was adjacent to the Vardaman consolidated school district, and that they desired to accept the provisions of such section and chapter, and wanted the territory embracing the Cherry Hill school district "attached to and added" to the Vardaman consolidated school district, and the petitioners set out that the Vardaman consolidated school district had an outstanding indebtedness, and that the petitioners desired to assume their pro rata share of the said indebtedness on the Cherry Hill school district being added to the Vardaman consolidated school district.

On June 7, 1926, W. W. Blue and others appeared before the board of supervisors and protested against the territory embraced in the said Cherry Hill school district being added to the Vardaman consolidated school district. There was a contest between the petitioners and

the protestants, and proof was heard by the board of supervisors, at the conclusion of which the board found that a majority of the patrons residing in the Cherry Hill school district prayed that it be added to the Vardaman consolidated school district, and had joined in the petition praying that they be allowed to assume their pro rata share of indebtedness to the Vardaman consolidated school district. The very interesting question of what constitutes a school patron is raised, but we find it unnecessary to decide that question, as this controversy can otherwise be disposed of.

A bill of exceptions was taken and duly approved, in which it stated, among other things, that on May 21, 1926, the Cherry Hill school district had been consolidated with a part of the Center Point school district, thus creating the Cherry Hill consolidated school district. This order of the school board of Calhoun county was entered on the minutes of the said school board prior to the hearing of the board of supervisors, and a copy of the order, regular on its face, was included in the bill of exceptions. The board of supervisors overruled the objection of the protestants Blue and others, and entered an order directing an election to be held under the statute, submitting to the qualified electors the question of whether or not said Cherry Hill school district should be added to the Vardaman consolidated school district. The bill of exceptions was taken and the cause appealed to the circuit court, whereupon it was heard by the circuit judge, who approved and affirmed the order of the board of supervisors heretofore referred to.

We think the effect of the order here involved, by the board of supervisors, adding the Cherry Hill school district to the Vardaman consolidated school district, was to dissolve the creation of the Cherry Hill consolidated school district, made by the school board of the county prior to the order of the board of supervisors, and it appears that both the board of supervisors and the circuit court ignored this order creating this district

and created another condition, which, in effect, dissolved the district. The order of the school board entered prior to that of the board of supervisors could not thus be set aside. It was the province of the school board to create a consolidated district, and, having done so, it must be dissolved in substantially the manner prescribed by the statute. The method prescribed by the statute may be found in section 108, 109, and 113 of chapter 283 of the Laws of 1924, which sections were ignored by the board of supervisors when it entered an order directing the election to be held and proceeded to take the necessary steps to add the territory of one consolidated school district to the territory of another school district. The effect of the order entered May 21, 1926, was to immediately merge the Cherry Hill school district with the Center Point school district and create the Cherry Hill consolidated school district, and no order, in any way is shown from the school board modifying their action in consolidating the two territories. The statute having been ignored, we think the circuit court and the board of supervisors were in error in undertaking to add the territory of a consolidated school district to the territory of another school district without first securing the dissolution of the Cherry Hill consolidated school district by the county school board, upon petition of the patrons and qualified electors in the manner provided in the sections above cited.

The suggestion of counsel for appellee that the merger attempted by the county school board was not perfected, the Cherry Hill consolidated school district not having been in existence for a year, is not sound, because it runs counter to the decision of this court in *Thames* v. *Board of Supervisors of Simpson County,* 124 Miss. 583, 87 So. 127, where it was said:

"We think the board of supervisors were correct in that the order of the county school board creating a consolidated school district became effective on the date of

the order and merged, and by such merger destroyed the old districts as school districts.''

*Reversed and remanded.*